UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-03347 JAK (JPRx) | | Date | September 23, 2020 |
|---|---|---|---|---|
| Title | Scott Canty et al. v. Providence Health System-Southern California et al. | | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE MOTION TO REMAND TO LOS ANGELES SUPERIOR COURT (DKT. 12)**

**I.  Introduction**

Cheryl Canty and Scott Canty (collectively, "Plaintiffs") filed this action in the Los Angeles Superior Court on March 15, 2019. *See* Dkt. 1-1, Ex. 2 (the "Complaint"). The Complaint named Providence Little Company of Mary Medical Center ("Providence") and several Does as defendants. *Id.* Plaintiffs subsequently amended the Complaint by replacing two Doe defendants -- one with the American Red Cross (the "Red Cross") and the other with the Central California Blood Center (the "CCBC"). *See* Dkt. 1-1, Exs. 3, 12 & 13. Plaintiffs allege that Scott Canty ("Canty") became HIV positive as a result of blood transfusions he received from Defendants. *See* Dkt. 1-1 ¶ 13. The Complaint asserts causes of action for (1) negligence and (2) loss of consortium. *See id.* ¶¶ 1-21.

Proofs of Service on the Red Cross and the CCBC were filed in the Superior Court on March 16, 2020. Dkt. 1-1, Exs. 10, 12, 13. On April 9, 2020, the Red Cross filed a Notice of Removal (the "Notice") pursuant to 28 U.S.C. §§ 1441 and 1446, and 36 U.S.C. § 300105. Dkt. 1. Plaintiffs then filed a Motion to Remand. Dkt. 12 (the "Motion"). In support of the Motion, Plaintiffs argued that the Notice was deficient because the Red Cross did not obtain the consent of all co-defendants, as required by 28 U.S.C. § 1441(a). Dkt. 12 at 4. Specifically, Plaintiffs contended that the Red Cross did not have the consent of the CCBC. *Id.* The Red Cross filed an opposition to the Motion, asserting that the CCBC's consent was not required. Dkt. 15 (the "Opposition"). Plaintiff replied. Dkt. 20 (the "Reply").

On August 31, 2020, a hearing was held on the Motion. Dkt. 27. At the hearing, counsel for the Red Cross and counsel for the CCBC represented that, following the completion of the briefing on the Motion, the CCBC had consented to the removal of the action. *Id.* As a result, the parties were directed to file supplemental briefing stating their respective positions on the effect, if any, of the post-removal consent of the CCBC. On August 31, 2020 the Red Cross filed a Supplemental Brief in Support of the Red Cross's Opposition to Motion to Remand (the "Supplemental Opposition"). Dkt. 25. On September 1, 2020, the CCBC filed a Joinder In and Consent to Notice of Removal (the "CCBC Consent"). Dkt. 26. On September 4, 2020, Plaintiffs filed a Supplemental Brief in Support of Motion to Remand (the "Supplemental Motion"). Dkt. 28. The matter was then taken under submission.

For the reasons stated in this Order, the Motion is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-03347 JAK (JPRx) | Date | September 23, 2020 |
| Title | Scott Canty et al. v. Providence Health System-Southern California et al. | | |

## II. Allegations in the Complaint

Plaintiffs allege that, in 2015, Canty received "medical care, including numerous blood transfusions," from Defendants. Complaint, Dkt. 1-1 ¶ 13. Several years later, in January 2018, Canty discovered he was HIV positive. *Id.* Plaintiffs allege Canty contracted HIV due to Defendants' negligent medical care. *Id.* ¶¶ 14-16. Plaintiffs allege that Defendants' negligence has injured Canty's health, reduced his earning capacity, and required him to obtain additional medical care. *Id.* ¶¶ 17-19. Plaintiffs further allege that Scott Canty and Cheryl Canty, who were married at all relevant times, have suffered a loss of love, companionship, solace and support as a result of Defendants' actions. *Id.* ¶¶ 22, 23.

## III. Analysis

### A. Legal Standard

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Under 28 U.S.C. § 1447(c), remand may be ordered for lack of subject matter jurisdiction or for any material deficiency in the removal process.

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action only if the district court has original jurisdiction over at least one claim that is alleged. *See also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court."). The Congressional Charter of the Red Cross authorizes the organization to "sue and be sued in courts of law and equity, State or Federal, within the jurisdiction of the United States." 36 U.S.C. § 300105(a)(5). The Supreme Court has interpreted 36 U.S.C. § 300105(a)(5) to confer "original jurisdiction on federal courts over all cases to which the Red Cross is a party, with the consequence that the organization is thereby authorized to remove from state to federal court any state-law action it is defending." *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247, 248 (1992); *see also Barahona v. Am. Red Cross S. Cal. Blood Region*, No. CV 12-04158-RGK, 2012 WL 12888361, at *1 (C.D. Cal. Dec. 10, 2012).

Pursuant to 28 U.S.C. § 1446(b)(2)(A), "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *Accord, Chi., Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245 (1900); *see also Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981). This requirement is known as the "unanimity rule." *Loewen v. McDonnell*, No. 19-cv-00467-YGR, 2019 WL 2364413, at *3 (N.D. Cal. June 5, 2019).

In *Destfino v. Reiswig*, the Ninth Circuit held that, "[a]ll defendants who have been properly [] served in the action must join a petition for removal. If this is not true when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." 630 F.3d 952, 956-57 (9th Cir. 2011) (citations and internal quotations omitted) (citing *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002) ("[A] procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court.") (alteration in original)); *see also United Motors Int'l, Inc. v. Hartwick*, No. CV 17-00243 BRO (EX), 2017 WL 888304, at *4 (C.D. Cal. Mar. 6, 2017); *Cobian-*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV20-03347 JAK (JPRx) | Date | September 23, 2020 |
|---|---|---|---|
| Title | Scott Canty et al. v. Providence Health System-Southern California et al. | | |

*Perez v. Pers. Protective Servs., Inc.*, No. C-13-5162 EMC, 2014 WL 342660, at *4 (N.D. Cal. Jan. 28, 2014).

      B.    Application

The parties agree that there is original, federal jurisdiction over this action because the Red Cross is a party, and Congress has provided for federal jurisdiction over such claims. *See* 36 U.S.C. § 300105(a)(5); *Am. Nat'l Red Cross*, 505 U.S. at 248. Where the parties disagree is about whether the late-filed CCBC Consent cured the CCBC's failure to consent to the Notice at the time of removal and, if not, whether the Red Cross was required to have the CCBC's consent to remove. In accordance with *Destfino*, 630 F.3d at 956-57, any deficiency in the Notice resulting from the failure of the CCBC to consent to the Notice at the time of removal, was cured by the subsequently-filed CCBC Consent.

Plaintiffs argue that *Destfino* is distinguishable because it "did not concern a failure to obtain consent of properly served defendants." Dkt. 28 at 2 (emphasis in original). This argument is not persuasive. *Destfino* stated: "Plaintiffs argue that *five properly served defendants* never consented to the removal. One of these, Darryl Labarthe, joined in the notice of removal before the district court's judgment." *Destfino*, 630 F.3d at 957 (emphasis added). *Destfino* then explained the other four defendants had not been properly served. *Id.* Thus, *Destfino* expressly addressed whether the failure to obtain the consent of a properly served defendant prior to removal precludes jurisdiction if that defendant consents to removal after it has been effected, but before a judgment is entered. *Destfino* concluded that it did not. *Id.*

This interpretation of *Destfino* is supported by the cases on which it relies, which include *Soliman*, 311 F.3d at 970. *Soliman* concluded that "a procedural defect existing at the time of removal but cured prior to entry of judgment does not warrant reversal and remand of the matter to state court." *Id.* (although a removal notice was not signed by all defendants, the district court could allow defendants to cure the defect by amending the notice). As one district court citing *Destfino* explained, "Notably, if all of the defendants *properly joined and served* did not join in or consent to the removal, a 'district court may [still] allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment.'" *Cobian-Perez*, 2014 WL 342660, at *2 (quoting *Destfino*, 630 F.3d at 957) (emphasis added); *see also United Motors Int'l*, 2017 WL 888304, at *4 (defendants' failure to consent to notice of removal was cured by their later consent, without reference to whether defendants had been properly served at the time of removal). Accordingly, the failure of the CCBC to consent to the Notice at the time of removal is not material given that it later consented and did so prior to the entry of judgment in this action.

Plaintiffs suggest that the Red Cross engaged in gamesmanship by removing the action without the consent of the CCBC, which the Red Cross could have requested prior to removal. Dkt. 28 at 1-2. Plaintiffs claim that the Red Cross did this to "test the assertion that [the Red Cross] was statutorily excused from the unanimous consent rules." *Id.* However, the Notice of Removal states that the "CCBC has neither objected to nor consented to the Red Cross's removal, despite multiple attempts to reach counsel." Dkt. 1 at 3. Counsel for the Red Cross filed a declaration in support of the Supplemental Opposition in which she states:

      Prior to filing the Notice of Removal, I was unable to reach or contact the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV20-03347 JAK (JPRx) | Date | September 23, 2020 |
| Title | Scott Canty et al. v. Providence Health System-Southern California et al. | | |

> [CCBC], to obtain [the] CCBC's consent prior to filing the Red Cross's Notice of Removal, despite multiple attempts to obtain [the] CCBC's prior consent to removal. Neither the CCBC nor its counsel, Mr. Diamond, had appeared in this case until April 9, 2020—the day the Red Cross filed its Notice of Removal. I did not know Mr. Diamond was representing [the] CCBC until [the] CCBC's first appearance on April 9, 2020.

Dkt. 25-1 ¶ 2.

Plaintiffs claim that it is "far fetched to imply" that the consent of the CCBC to removal could not have been timely obtained by the Red Cross simply because its counsel did not know who would be representing the CCBC in this action. Dkt. 28 at 1. Plaintiffs note the Proof of Service as to the CCBC was filed in the Superior Court on March 16, 2020, which was approximately three weeks before the Red Cross filed its Notice of Removal on April 9, 2020. Dkt. 1; Dkt. 1-1, Exs. 12, 13. Plaintiffs also claim the Notice was served on Scott Diamond, who is counsel to the CCBC in this action. Dkt. 28 at 2. Diamond has now appeared as counsel in the action and signed the CCBC Consent. Dkt. 26. Finally, Plaintiffs highlight that, on the same day that the Red Cross filed the Notice, it served a Notice of Errata Re Answer to Complaint ("Notice of Errata") on Scott Diamond, listing him as one of the "Attorneys for Defendant [the CCBC]." See Dkt. 1-1 at 79-80. Accordingly, Plaintiffs argue that, "[t]o the extent that *Destfino* permits discretion in favor of exercising removal jurisdiction, that discretion should be denied." Dkt. 28 at 3.

There is no evidence as to when counsel for the Red Cross was first able to engage in substantive discussions with counsel for the CCBC about removal. The Court finds sufficiently reliable the representation of counsel for the Red Cross that she attempted to confer with counsel for the CCBC before filing the Notice of Removal but was unable to do so. That she may have known prior to the removal that Diamond would be acting as counsel for the CCBC in this matter does not establish that the two were able to confer prior to the strict, statutory deadline for removal. Moreover, counsel for the Red Cross has declared that the first time she learned that the CCBC would consent to removal was on August 30, 2020. Dkt. 25-1 ¶ 3. That is consistent with the statement on the CCBC Consent, that the CCBC consented to jurisdiction on August 30, 2020 and, "[p]rior to that time, [the] CCBC neither consented nor objected to federal jurisdiction or removal." Dkt. 26 at 2.

**IV. Conclusion**

For the reasons stated in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

| | | : | |
|---|---|---|---|
| | Initials of Preparer | SMO | |